# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

ZAIMOS MORGAN ROWAN,                    :

     Plaintiff,                           :        Case No. 3:05CV341

  vs.                                   :        District Judge Thomas M. Rose
                                                  Magistrate Judge Sharon L. Ovington
ADESA CINCINNATI DAYTON,               :

     Defendant.                           :

---

## REPORT AND RECOMMENDATIONS[1]

---

Plaintiff Zaimos Morgan Rowan, a resident of Dayton, Ohio, brings this case *pro se*. Rowan's Complaint names as the defendant ADESA Cincinnati Dayton, his former employer.

On October 6, 2005, the Court granted Rowan's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Rowan's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

Rowan alleges in his Complaint, "April I appx. 700 AM I park[ed] my car in the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Dockets.Justia.com

employee parking lot next to Steve Fultz's car.  As I entered the building Steve Fultz was coming out of the building.  I <u>warned</u> him not to scratch my car again.  We had an argument. That same day April first A.M. I was placed under suspension.  April 8 I was fired.  I believe this was unfair and unjust."  (Doc. #2 at 5)(emphasis in original).  For relief, Rowan's Complaint states, "I would like payment for the damage on my 'new car.'  I would [like] payment for the unemployment money they refused to pay.  Because of this unjust Action it is almost impossible to get another full time job.  I would like two years of Anual [sic] pay about 50.000 [sic] Dollars."  *Id*. at 6.

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if they are satisfied that the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(I), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible."

*See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court.  28 U.S.C. §1915(e)(2)(B)(ii-iii).

In the instant case, accepting Rowan's allegations as true and construing them liberally in his favor, his Complaint is frivolous and fails to state a claim because it fails to contain an allegation sufficient to trigger some federal claim over which this Court has subject matter jurisdiction.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).  His allegations do not in any way concern either a state or a governmental action or an omission that violated his rights, but instead focuses on the suspension and termination of his employment by his former employer, a company located in Franklin, Ohio.  *See* Doc. #2 at 4-5.  Rowan's allegations do not indicate that his suspension and termination were based on his membership in a statutorily protected class.  He has therefore failed to state a claim, or demonstrate a violation of his rights, under Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2, *et seq*., or some similar federal statute.

Accordingly, Rowan's Complaint must be dismissed under 28 U.S.C. §1915(e)(2) as frivolous or malicious or because it fails to state a claim upon which relief can be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff Zaimos Morgan Rowan's Complaint be **DISMISSED** without prejudice; and,

2.   The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Rowan leave to appeal *in forma pauperis*.  If so certified, Rowan, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals.

*See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

October 11, 2005

     s/ Sharon L. Ovington     

Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).